[Civ. No. 2901.  Second Appellate District, Division Two.—June 13, 1919.]

LAURA FLICKINGER, Administratrix, etc., Respondent, v. O. P. McKESSON, Appellant.

[1] ACTION ON FOREIGN JUDGMENT—SUFFICIENCY OF CERTIFICATE OF CLERK OF FOREIGN COURT.—In an action on a foreign judgment, the certificate of the clerk of the foreign court to the record supporting the original judgment is not subject to the objection that it fails to certify "that the papers are copies of the originals on file in this office," where such clerk does certify that the papers therein enumerated "are true and correct copies" of certain enumerated records, "as full and complete as the same remains on file and of record in my office," and such enumerated copies include all that is necessary to prove the judgment.

[2] ID.—DESCRIPTION OF CERTIFYING OFFICER.—The certificate of the clerk to the judicial record of a sister state is sufficient whether such official is described as clerk of the court or as county clerk and ex-officio clerk of the court.

[3] ID.—PROOF OF LOST ASSIGNMENT—ADMISSIBILITY OF CERTIFIED COPY.—Where the assignment of a foreign judgment has been lost, the assignee, in an action on such judgment, may prove the assignment by a copy thereof certified to by the clerk of the foreign court as being a true copy of an assignment of said judgment "as the same remains of record and on file" in his office.

41 Cal. App.—37

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucius M. Fall for Appellant.

P. S. McNutt for Respondent.

SLOANE, J.—This is an action by the assignee on a foreign judgment. Defendant appeals from the judgment here under the alternative method. The only errors assigned are as to the sufficiency of the identification and authentication of the record from the district court of the state of Iowa, where the judgment sued on was obtained, and of the assignment thereof to plaintiff.

We find no merit in the appeal.

In the first place, our attention is called to an exhibit in the record, being marked Defendant's Exhibit 3, Exemplified Abstract of Judgment in the original suit, with certificate of the clerk of the court in which the matter was pending of the subsequent assignment of the judgment to the plaintiff here. The facts therein set forth, if binding on the defendant—as they appear to be, he having introduced them in evidence—are sufficient to support the judgment here appealed from. But aside from this, the exhibits, to the introduction of which defendant takes exception, were sufficiently proved and authenticated to admit them as evidence.

[1] The first exception is to Plaintiff's Exhibit 1, being a certificate of the clerk of the Iowa court to the record supporting the original judgment, on the ground that it fails to certify "that the papers are copies of the originals on file in this office." What the clerk does certify is that the papers therein enumerated "are true and correct copies" of certain enumerated records, "as full and complete as the same remains on file and of record in my office." As the copies enumerated include all that is necessary to prove the judgment, and are of the records on file, we see no reason to question the sufficiency of the certificate, so far as the specified ground of the objection goes.

[2]  The second specification is alleged error in admitting in evidence Plaintiff's Exhibit 2, being the certificate of authentication, because of certain unexplained erasures.  The typewritten certificate of the clerk to the judgment record, and the certificate of the judge to the clerk's attestation, contain the following descriptive words in each reference to the clerk: "I, J. N. Tollinger, County Clerk of the County of Pottawattamie, State of Iowa, and *ex-officio* clerk of the District Court of said Pottawattamie County, State of Iowa."  In these recitals the words "County Clerk of the County of Pottawattamie, and *ex-officio*" have been erased.  This leaves these certificates as relating alone to the official in question as the "Clerk of the District Court of said Pottawattamie County."  The judge of the district court certifies that the signature is the genuine signature of said J. N. Tollinger; that the seal annexed thereto is the seal of said district court; that said Tollinger, as such clerk, is the proper official to execute the said certificate and attestation; and that such attestation is in due form, etc.

Section 1905 of the Code of Civil Procedure provides that a judicial record of a sister state "may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form."  The certificates, therefore, as they stand, contain all that is necessary to the authentication of the record.  If the certifying officer is, as described, the clerk of the court, that is sufficient.  The matter erased is mere surplusage.  The certification would be good under either state of the facts.  The final certificate to the official character of the judge in this exemplification contains the full recital without erasures, and is signed, "J. N. Tollinger, County Clerk of the County of Pottawattamie, State of Iowa, and *ex-officio* Clerk of the District Court of Iowa, in and for Pottawattamie County."  As the certificate is in due form either way, the erasures are immaterial.

[3]  The third assignment of error is upon the admission in evidence of Plaintiff's Exhibit 3, which is in terms an assignment by the judgment creditor of the Iowa judgment to the plaintiff here, before the present action was commenced.  The exhibit is certified to by the clerk of the Iowa

court as being a true copy of an assignment of said judgment, "as the same remains of record and on file" in his office. Appellant's counsel states in his brief that this exhibit was admitted in evidence over defendant's objection that it was incompetent and not the best evidence; but we find no record of such, or any, objection, either in the appendix to appellant's brief or in the reference given to the reporter's transcript. This appeal being taken under the alternative method, it is incumbent on the appellant to point out in the record the matter he relies upon to support his points. In any event, the undisputed evidence outside of this record is ample to show that an assignment in writing, which was lost, had been made and delivered to the plaintiff here before suit on the judgment was commenced, and the document introduced as Plaintiff's Exhibit 3 was properly used in evidence as the basis of plaintiff's parol testimony as to the contents of the lost assignment, it being testified by one of plaintiff's witnesses that the lost assignment was in the same form as the one shown in the exhibit.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.